| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Claude Lucky Griffin, § 
§
　　　　Plaintiff, §
§
versus § Civil Action H-09-03842
§
BAC Home Loans Servicing, LP, et al. §
§
　　　　Defendants. §

# Opinion

1.　*Introduction.*

　　A man borrowed money to buy a house. After he defaulted, the lender agreed to three repayment plans. As part of at least two of his repayment agreements, he agreed to release the lender from claims on the loan. He has sued the lender. His claims have been released, and he will take nothing by his suit.

2.　*Background.*

　　In August of 2002, Claude Lucky Griffin borrowed money from Compufund Mortgage Company and signed a deed of trust to secure the debt. Compufund transferred the servicing of the mortgage to Countrywide Home Loans, LP, now BAC Home Loans Servicing, LP. Griffin fell behind on his payments, defaulting in March 2005 – well before the credit contraction. BAC notified him of foreclosure. Instead of losing his house, Griffin agreed to a repayment plan that allowed him to reduce and defer payments. In consideration of its not foreclosing, Griffin released BAC from claims about the loan. In the release, they chose California law.

　　Afterwards, Griffin still had trouble paying on time, and BAC agreed to another repayment plan in July of 2006. This plan also released BAC from claims about its management of the loan.

Griffin made regular payments under this plan through February 2007 but did not pay in March, April, and May. In June, he tried to pay less than he owed, and BAC rejected his payment. BAC cancelled the repayment plan, accelerated the debt, and notified him of the sale. Griffin sued to stop the sale.

Griffin says BAC misapplied mortgage payments and brought five claims against it: (a) violation of the Real Estate Settlement Procedures Act, (b) fraud, (c) conversion, (d) breach of contract, and (e) violation of Texas's Deceptive Trade Practices Act. BAC says Griffin released it from these claims in the repayment agreements.

3. *The Release.*

Griffin agreed to release BAC from "all and any claims whatsoever of every nature concerning the loan, regardless of whether he knew about or suspected such claims. . . ." The parties chose California law to govern their agreement.

Griffin agrees that the release bars his action under California law, but argues that Texas law should govern because his was a wholly Texas-based transaction. Griffin's belief about the site of his transaction is narrow-minded and obtuse. He borrowed money on a national market and should have reasonably expected that his note would travel in that national market.

More important, the parties' choice of law applies unless its application is contrary to the laws of a state with a materially greater interest in the transaction. *See Restatement of Conflict of Laws* 187(2)(b). The underlying question is whether the release means something different under Texas law than California law. It does not.

When parties agree to release all claims, Texas courts enforce their agreement. *See Keck Mahin & Cate v. Nat'l Union Fire Ins. Co.*, 20 S.W.3d 692, 698 (Tex. 2000). The release in the plan clearly releases claims that Griffin has or may have about the loan. The release also bars the claims under California law. It was not necessary for Griffin to have had specific knowledge of the risk when he signed the release. *See Benedek v. PLC Santa Monica, LLC*, 104 Cal. App. 4th 1351, 1357 (Cal. Ct. App. 2002). Because no conflict with Texas law exists, California law will govern the release.

Even if the release did not bar Griffin's claims, each one fails on its own merits:

(a) BAC did not violate the Real Estate Procedures Act because Griffin never sent it a "qualified written request" under the statute. *See* 12 U.S.C. § 2605(e);

(b) & (c) Griffin has abandoned his meritless claims for fraud and conversion;

(d) Griffin's breach of contract claim is not supported on its face. In the repayment plan, BAC reserved the right to apply payments, at its option, "to the oldest payments due, or to any advances or fees due," as does the original note; and

(e) Griffin is not a consumer and loans are not services under the Texas Deceptive Trade Practices Act. *See Fix v. Flagstar Bank, FSB.*, 242 S.W.3d 147, 159-60 (Tex. App. – Fort Worth 2007, pet. denied).

4.  *Note.*

Griffin says that BAC cannot foreclose on the land because it or the mortgagee must have possession of the original note to enforce the power of sale. The release bars this claim, but Griffin also misstates the law. A mortgage servicer may administer a foreclosure without the note. Tex. Prop. Code Ann. § 51.0025 (2010). A mortgage servicer is the last person to whom a mortgagor has been instructed to send payments. Tex. Prop. Code § 51.0001 (2010). BAC is this mortgage's servicer. Griffin recognized this by sending it his mortgage payments, agreeing to two forbearances with it, and suing it. When Griffin defaulted on the loan, BAC may foreclose on the property to satisfy his debt. *See* Tex. Prop. Code Ann. § 51.0025 (2010).

5.  *Limitation.*

Griffin also says, that even if BAC has the power to foreclose, the lien secured by the deed of trust is void because the statute of limitations has run. The first notice of sale in 2005 was "not cancelled but postponed" under the repayment plan. Griffin says that BAC had four years from then to resume the foreclosure. Griffin ignores that he signed a second

repayment plan that included a similarly broad release. It releases all claims that he has or may have concerning the loan. This includes his statute of limitations claim. Furthermore, Griffin offers no law to support his theory that BAC is time-barred.

6. *Foreclosure.*
    A.    BAC must post the property for foreclosure in April of 2011.

    B.    Griffin must not interfere in any way with the foreclosure of the property of the possession of it by BAC after the foreclosure. Griffin must not damage the improvements or remove the equipment or appliances that are affixed to the land or improvements.

    C.    The court will retain jurisdiction to enforce the foreclosure.

7. *Conclusion.*

Claude Lucky Griffin will take nothing from BAC Home Loans Servicing, LP, because Claude Lucky Griffin failed to state a claim against BAC Home Loans Servicing, LP, and because he twice released it from all claims concerning the loan.

Claude Lucky Griffen will take nothing from Barrett Daffin Frappier Turner & Engel, LLP, because under a joint stipulation it was dismissed with prejudice.

Signed on February 16, 2011, at Houston, Texas.

                                        Lynn N. Hughes
                              United States District Judge